UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MAYFIELD,

       Plaintiff,                   CIVIL ACTION NO. 13-10341

       v.                       DISTRICT JUDGE THOMAS L. LUDINGTON

                                     MAGISTRATE JUDGE MARK A. RANDON

RICHARD MILES, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION TO DISMISS**
**DEFENDANT G. ROBERT COTTON CORRECTIONAL FACILITY**

**I.      INTRODUCTION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil rights case against the G. Robert Cotton Correctional Facility, Dr. Richard Miles, Warden Debra Scutt, P.A. Keff, Health Unit Manager Joyce Hunter and Nurse Practitioner Dawn Lybarger (Dkt. No. 1) (collectively, "Defendants"). Plaintiff alleges Defendants violated the Eighth and Fourteenth Amendments by not treating his bone cancer, telling him he does not have bone cancer and denying him follow-up visits to the specialist who diagnosed him with bone cancer (*Id.* at 3). Plaintiff was allowed to proceed without prepayment of the filing fee (Dkt. No. 5).

Because the Cotton Correctional Facility is not a "person" capable of being sued under Section 1983, this Magistrate Judge **RECOMMENDS** that Plaintiff's claims against the Cotton Correctional Facility be **DISMISSED WITH PREJUDICE**.

**II.      STANDARD OF REVIEW**

1

When a plaintiff asks the Court to waive fees and costs because he cannot afford to pay them, the Court must screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, Plaintiff must offer sufficient factual allegations that make the asserted claim plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 678.  A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory."  *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).  *Sua sponte* dismissal is appropriate if Plaintiff's Complaint fails to state a claim when filed.  *See Dumas v. Ducatt*, No. 12-15262, 2013 WL 1340698 at *1 (E.D. Mich. April 3, 2013).

## III.    ANALYSIS

"Section 1983 imposes liability on an 'person' who violates an individual's federal rights while acting under color of state law.  A correctional facility is not a 'person,' and therefore, is not capable of being sued under the statute." *See Floyd v. Emmet Cnty. Corr. Facility*, 2006 WL 1429536 at *2 (May 23, 2006) (citing *Darby v. Pasedena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); *Oladipupo v. Austin*, 104 F.Supp.2d 626, 641-42 (W.D. La. 2000); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993) (Cook County jail is a building, not a person subject to suit); *McCoy v. Chesapeake Corr. Ctr.*, 788 F.Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" amendable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 (10th Cir. June 21, 2000); *McLeod v. Still*, No. 05-4635, 2006 WL 372989 at *4 (D.N.J. Feb. 16, 2006); *Meyers v. Schuylkill County Prison*, No. 4-cv-04-1123, 2006 WL 559467 at *8 (M.D. Pa. Mar. 7, 2006); *Spratt v. DeKalb County Jail*, No. 1:05-cv-254, 2005 WL 1958654 at *3 (N.D. Ind. Aug. 12, 2005); *Seals v. Grainger County Jail*, No. 3:04cv606, 2005 WL 1076326 at *2 (E.D. Tenn. May 6, 2005)).

Accepting as true all well-pleaded allegations of Plaintiff's Complaint, Plaintiff cannot prove any set of facts that would entitle him to relief under § 1983 against the Cotton Correctional Facility.

## IV.    CONCLUSION

Because the Cotton Correctional Facility is not a "person" capable of being sued under Section 1983, this Magistrate Judge **RECOMMENDS** that Plaintiff's claims against the Cotton Correctional Facility be **DISMISSED WITH PREJUDICE**.


The parties to this action may object to and seek review of this Report and

3

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: April 19, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, April 19, 2013, by electronic and/or first class U.S. mail.*

s/Eddrey Butts
*Acting Case Manager to Magistrate Judge Mark A. Randon*