UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES MAYFIELD,

        Plaintiff,

                                            Case Number: 13-10341

v.                                        Honorable Thomas L. Ludington

RICHARD MILES, et al.,

        Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING
DEFENDANT G. ROBERT COTTON CORRECTIONAL FACILITY**

Plaintiff Charles Mayfield filed this *pro se* 42 U.S.C. § 1983 prisoner civil rights action against Defendants G. Robert Cotton Correctional Facility, Dr. Richard Miles, Warden Debra Scutt, P.A. Keff, Health Unit Manager Joyce Hunter, and Nurse Practitioner Dawn Lybarger. Pl.'s Compl. 5, ECF No. 1. Plaintiff, an inmate, alleges that Defendants violated his Eighth and Fourteenth Amendment rights by not treating his bone cancer, denying that he suffers from bone cancer, and refusing to provide follow-up visits to the specialist who originally diagnosed him. *Id*. at 3.

On April 19, 2013, United States Magistrate Judge Mark Randon issued a report recommending that Defendant Cotton Correctional Facility be dismissed because it "is not a 'person' capable of being sued under Section 1983." Report & Recommendation 1, ECF No. 12. Plaintiff was given fourteen days to file any objections to the report. *Id*. at 4.

On May 2, 2013, Plaintiff filed a motion in response to the report and recommendation, asserting that "dismissal should not be granted to defendant's [sic] because plaintiff can show that a true claim can be proven under the Eighth Amendment." Pl.'s Mot. 1, ECF No. 20.

Plaintiff goes on to assert that his "complaint should not be dismissed for failure to state a claim upon which relief could be granted." *Id*. at 3. Throughout his motion, Plaintiff does not acknowledge that the report recommended only the dismissal of Defendant Cotton Correctional Facility, but instead argues that he has a valid claim which should be heard. It is fairly clear that Plaintiff misunderstood Judge Randon's recommendation. Judge Randon did not suggest Plaintiff's case be dismissed in its entirety; rather, only one Defendant.

Although Plaintiff has not made a particularized objection to Judge Randon's report, he did file a motion asserting his claim should not be dismissed, and so the Court will review the report *de novo*. Upon review, Judge Randon made the correct determination that Defendant Cotton Correctional Facility is not a person capable of being sued under § 1983, and accordingly, it will be dismissed from this § 1983 action.

**I**

Plaintiff proceeds in this case *in forma pauperis* pursuant to 28 U.S.C. § 1915. When such a plaintiff asks the Court to waive fees and costs because he cannot afford to pay them, the Court must screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Section 1983 imposes liability on any 'person' who violates an individual's federal rights while acting under color of state law. A correctional facility is not a 'person,' and therefore, is not capable of being sued under the statute." *Floyd v. Emmet Cnty. Corr. Facility*, No. 06-CV-283, 2006 WL 1429536, at *2 (W.D. Mich. May 23, 2006) (collecting cases). Accordingly, Defendant Cotton Correctional Facility is "a defendant who is immune." §

1915(e)(2)(B)(iii).  So even accepting as true all the well-pleaded allegations of Plaintiff's complaint, he cannot prove any set of facts that would entitle him to relief under § 1983 against the Cotton Correctional Facility.  Thus, Defendant G. Robert Cotton Correctional Facility will be dismissed from the case.

The Court wishes to emphasize, for Plaintiff's benefit, that this is not a dismissal of his entire cause of action.  His claims against the other five Defendants remain, at least for now.  Defendant Debra Scutt has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff has been ordered to respond no later than May 29, 2013.  *See* Apr. 29, 2013 Order 1, ECF No. 19.

**II**

It is **ORDERED** that Judge Randon's report and recommendation, ECF No. 12, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion in response, ECF No. 20, is construed as an objection and **OVERRULED**.

It is further **ORDERED** that Defendant G. Robert Cotton Correctional Facility is **DISMISSED** with prejudice.

Dated: May 8, 2013                                                    s/Thomas L. Ludington
                                                                                THOMAS L. LUDINGTON
                                                                                United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and on Charles Mayfield, #127467, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 by first class U.S. mail on May 8, 2013.
                        s/Tracy A. Jacobs
                        TRACY A. JACOBS