UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MAYFIELD,

    Plaintiff,

v.

Case No. 13-10341
Honorable Linda V. Parker

RICHARD MILES, ET AL.,

    Defendants.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JANUARY 6, 2015 REPORT AND RECOMMENDATION [ECF NO. 84]; (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]; AND (3) FINDING MOOT PLAINTIFF'S OBJECTIONS [ECF NO. 86] TO MAGISTRATE JUDGE'S SEPTEMBER 3, 2014 REPORT AND RECOMMENDATION</u>**

On January 29, 2013, Plaintiff Charles Mayfield commenced this civil rights action against several defendants alleging a violation of his rights under the Eighth Amendment.[1] On February 6, 2014, Plaintiff filed an amended complaint against the only defendant remaining at that time, Dr. Richard Miles ("Dr. Miles"). (ECF

---

[1] Plaintiff also refers to the Fourteenth Amendment. (*See* ECF No. 1 at Pg ID 3.) However, a claim of deliberate indifference to the serious medical needs of an inmate falls under the protection of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Fourteenth Amendment provides the same protection to pretrial detainees. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). The allegations in Plaintiff's Complaint relate to when he was an inmate and thus his claim falls under the Eighth, rather than the Fourteenth, Amendment.

No. 34, Ex. A; ECF No. 40.) In his Amended Complaint, Plaintiff alleges that from November 2010 through mid-December 2012, he was seen by Dr. Miles who was deliberately indifferent to his serious medical condition, to wit, multiple myeloma. (ECF No. 34 ¶¶ 2-21.). This matter has been referred for all pretrial matters to Magistrate Judge Michael Hluchaniuk, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 53.)

On April 14, 2014, Plaintiff filed a motion for temporary restraining order ("tro"). Magistrate Judge Hluchaniuk issued a R&R on September 3, 2014, in which he recommended that this Court deny the motion. (ECF No. 76.) On November 4, 2014, after the deadline for filing objections to the R&R passed, with no objections filed, this Court adopted the R&R and denied Plaintiff's motion. (ECF No. 80.) Plaintiff subsequently filed a motion seeking an extension of time to file his objections, indicating that he only became aware of the R&R when he received a copy of the Court's decision adopting it. (ECF No. 81.) In an order filed December 2, 2014, this Court granted Plaintiff's motion and extended the

time for him to file any objections.[2] (ECF No. 82.) The Court indicated that it would decide whether it was necessary to correct, clarify, or otherwise modify it's November 4, 2014 decision once it received Plaintiff's objections. (*Id*.) Plaintiff's objections to the September 3, 2014 R&R, signed and dated January 5, 2015, were filed on January 8, 2015. (ECF No. 86.)

In the meantime, Dr. Miles had filed a motion for summary judgment on July 14, 2014, in which he sought dismissal of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 56. (ECF No. 69.) Plaintiff filed a response to the motion on September 19, 2014; Dr. Miles filed a reply brief on October 3, 2014. (ECF Nos. 77, 78.) On January 6, 2015, Magistrate Judge Hluchaniuk issued an R&R in which he recommends that the Court grant Dr. Miles' motion. (ECF No. 84.)

In the R&R, Magistrate Judge Hluchaniuk summarizes the medical attention Plaintiff has received from various medical providers, including Dr. Miles, from January 2010 through April 14, 2014. (ECF No. 84 at Pg ID 2-9.) Magistrate Judge Hluchaniuk finds that "according to the medical record, [P]laintiff has received continuous medical evaluations, tests, treatment and medication while

---

[2]The deadline for Plaintiff to file objections, as set forth in the Court's December 2, 2014 order, was subsequently extended to January 7, 2015.

under the care of Dr. Miles, and he continued to receive treatment while under the care of Dr. Michael Brostoski [who took over for Dr. Miles as Plaintiff's treating physician sometime after April 4, 2012]." (*Id*. at Pg ID 1104.) Noting that Plaintiff does not dispute the accuracy of the medical evidence, but rather the treatment he has received, Magistrate Judge Hluchaniuk concludes that Plaintiff fails to demonstrate deliberate indifference to his medical needs in violation of his constitutional rights. (*Id*. at Pg ID 1105-07.)

Finally, Magistrate Judge Hluchaniuk addresses Plaintiff's claim that he was denied proper treatment for Hepatitis C in 2014– an assertion not raised in his Amended Complaint but presented only in response to Dr. Miles' summary judgment motion. (*Id*. at Pg ID 1107.) Magistrate Judge Hluchaniuk identifies two reasons why Plaintiff's deliberate indifference claim based on Hepatitis C does not defeat Dr. Miles' summary judgment motion. (*Id*.) First, new claims cannot be raised in response to a defendant's summary judgment motion. (*Id*., citing *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).) Second, the claim does not involve Dr. Miles and relates to care that post-dates the filing of this lawsuit by approximately eighteen months. (*Id*.)

At the conclusion of his R&R, Magistrate Judge Hluchaniuk informs the parties that they must file any objections to the R&R within fourteen days. (*Id*. at

4

Pg ID 1108-09.) He specifically advises that "[a]ny objections must be labeled as 'Objection No. 1,' 'Objection No. 2', etc." and "recite precisely the provision of this Report and Recommendation to which it pertains." (*Id.* at Pg ID 1108.) Further, Magistrate Judge Hluchaniuk advises that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.*, citations omitted). On January 26, 2015, Plaintiff filed objections to the R&R. (ECF No. 87.) Dr. Miles filed a response to Plaintiff's objections on February 3, 2015. (ECF No. 88.)

## Standard of Review

A district judge must review de novo the parts of an R&R to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court must examine the relevant evidence previously reviewed by the magistrate judge and decide whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). However, the court "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

Moreover, only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982) ("the district

court need not provide de novo review where the objections are "[f]rivolous, conclusive or general.")). "The parties have the duty to pinpoint those portions of the magistrate[ judge']s report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). Overly general objections do not satisfy the objection requirement. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The objection must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed in error" are too general. *Id.*

## Plaintiff's Objections

If the Court adopts Magistrate Judge Hluchaniuk's January 6, 2015 R&R and grants Dr. Miles' summary judgment motion, Plaintiff's objections to the magistrate judge's earlier R&R concerning Plaintiff's motion for a tro are moot. Therefore, the Court will address Plaintiff's objections to the January 6, 2015 R&R first.

Plaintiff asserts several objections to Magistrate Judge Hluchaniuk's most recent R&R. First, Plaintiff objects to the magistrate judge's instructions with respect to the labeling of his objections. (ECF No. 87 at Pg ID 1137.) Under the heading "Issues of Controversy Objection No. 1", Plaintiff next takes issue with

6

the following: (1) the magistrate judge's finding that Plaintiff does not have multiple myeloma and that his condition is being "monitored" even though no biopsies were done to make a proper assessment of his condition; (2) the admission of an affidavit from Dr. Brostoski, who passed away shorlty after executing the affidavit; and (3) the filing of Plaintiff's medical records under seal. (*Id.* at Pg ID 1138-39.) Plaintiff later objects to Magistrate Judge Hluchaniuk's evaluation of his Hepatitis C claim. (*Id.* at Pg ID 1140.)

## Analysis

Plaintiff's objection to Magistrate Judge Hluchaniuk's instructions regarding the labeling of any objections is frivolous and does not warrant this Court's response. Plaintiff's objection to the filing of his medical records under seal also is frivolous. As Magistrate Judge Hluchaniuk and Dr. Miles have explained, the purpose of filing Plaintiff's medical records under seal is to protect *his* privacy rights. (*See* ECF No. 84 at 1107 n.3; ECF No. 88 at Pg ID 1153; ECF No. 70 ¶ 3.) In fact, federal law precludes a person from publicly disseminating an individual's medical records without authorization and subjects that individual to a penalty for doing so. *See, e.g.*, 42 U.S.C. § 1320d-6. There is no basis to conclude, as Plaintiff has, that his medical records were filed under seal as "a ploy and bad faith act . . . to hide critical facts and evidence from medical reports that would help Plaintiff's

7

cause of action" (ECF No. 87 at Pg ID 1139.) Plaintiff certainly could have submitted any portion of his medical record that he believes supports his deliberate indifference claim.

Plaintiff's objections with respect to his care for multiple myeloma do not undermine Magistrate Judge Hluchaniuk's finding that Dr. Miles was not deliberately indifferent to his medical condition. The records reflect that biopsies were not performed and that decisions concerning Plaintiff's care were based on his doctors' exercise of their professional medical judgment. The records also reflect that Plaintiff has received continuous medical attention, evaluations, tests, treatment, and medication while incarcerated. Plaintiff's disagreement with the doctors' decisions does not establish his claim for deliberate indifference in violation of the Eighth Amendment, even if those decisions are shown to be negligent or wrong. *See, e.g. Comstock v. McCray*, 273 F.3d 693, 703 (6th Cir. 2002) ("The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment.") (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Magistrate Judge Hluchaniuk did not rely on Dr. Brostoski's affidavit to make findings relevant to Plaintiff's deliberate indifference claim against Dr. Miles.[3] Instead, those findings were based on Plaintiff's medical records and other evidence. Therefore, the fact that Dr. Brostoski passed away after the affidavit was executed does not have any bearing on the evaluation of Plaintiff's claim against Dr. Miles.

With respect to Plaintiff's claim related to Hepatitis C, he does not allege deliberate indifference with respect to this condition in his Amended Complaint. Moreover, Dr. Miles was no longer Plaintiff's treating physician when Plaintiff claims he was not properly treated for this condition and there is nothing to suggest that Dr. Miles was ever aware of Plaintiff's Hepatitis C. Plaintiff in fact alleges that a "Dr. Hugidson" was the individual who told Plaintiff that he would not be given treatment for Hepatitis C because the pills cost too much. (ECF No. 77 ¶ 9(a).) Thus, as to Dr. Miles, Plaintiff cannot establish the subjective component of his deliberate indifference claim with respect to his Hepatitis C. *See Farmer*, 511 U.S. at 837 (providing that to establish the subjective component "the plaintiff

---

[3]Magistrate Judge Hluchaniuk did cite to statements in Dr. Brostoski's affidavit; however, the magistrate judge did so to support findings concerning Plaintiff's care during a time when he was no longer under Dr. Miles' care. (*See* ECF No. 84 at Pg ID 1098-99.)

must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk.").

For these reasons, and the reasons set forth in Magistrate Judge Hluchaniuk's January 6, 2015 R&R, the Court holds that Dr. Miles is entitled to summary judgment with respect to Plaintiff's claim against him. The Court therefore adopts the R&R. Plaintiff's objections to Magistrate Judge Hluchaniuk's September 13, 2014 R&R, recommending denial of his motion for a temporary restraining order, therefore are moot.

Accordingly,

**IT IS ORDERED**, that Defendant Dr. Richard Miles' motion for summary judgment [ECF No. 69] is **GRANTED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 20, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 20, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager